LEVINE, J.,
concurring specially.
I concur because there is no evidence in the record that the trial court’s statements or actions actually prevented appellant from consulting with standby counsel. However, I write to emphasize that the trial court defined the role of standby counsel too narrowly by highlighting only one of the two purposes for appointing such counsel as enunciated by the United States Supreme Court.
As quoted by the majority, the trial court stated that standby counsel had only one purpose. During a pretrial hearing, the trial judge said, “No, the purpose of standby counsel is if this gentleman ever has an epiphany during the course of the trial, someone is available to step in at that moment and say okay, I will finish this trial. That’s what it would be for.” (emphasis added). The trial court later reiterated this during the trial when it informed appellant that he could either represent himself or have standby counsel fully represent him, but could not “have anything in the middle.” The court told appellant, “[I]f and until you elect to bring [counsel] back on board, you can’t consult back and forth,” and that “[y]ou either have [counsel] or you don’t. He is not consulting with you. I’m goiny to have him sit in the back of the courtroom up until the time ...(emphasis added). At that point, appellant stated that he wanted counsel to represent him. Appellant’s counsel moved for a mistrial several times based on his unpreparedness and *643 alternatively requested a continuance, but the trial court denied all his requests. It is clear that the trial court felt that appellant could either have the standby counsel represent him as his counsel or have standby counsel on standby and not consult or speak with appellant.
In Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the United States Supreme Court recognized the role of standby counsel. “Of course, a State may — even over objection by the accused — appoint a ‘standby counsel’ to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant’s self-representation is necessary.” Id. at 834 n. 46 (emphasis added) (citing United States v. Dougherty, 473 F.2d 1113, 1124-26 (D.C.Cir.1972)).
In McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), the Supreme Court further explained the purposes and functions of standby counsel. The court stated that standby counsel could assist “the pro se defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete.” Id. at 183, 104 S.Ct. 944. Further, standby counsel may help the “defendant’s compliance with basic rules of courtroom protocol and procedure,” as well as “steer a defendant through the basic procedures of trial.” Id. at 183-84, 104 S.Ct. 944. See also United States v. Bertoli, 994 F.2d 1002, 1018-19 (3d Cir.1993) (“Essentially, standby counsel has two purposes — to act as a safety net to insure that the litigant receives a fair hearing of his claims and to allow the trial to proceed without the undue delays likely to arise when a layman presents his own case. Alternately, we can identify at least four functions that standby counsel can serve: (1) Standby counsel must be available if and when the accused requests help. (2) Standby counsel must be ready to step in if the accused wishes to terminate his own representation. (3) The court may appoint standby counsel in order to explain and enforce the basic rules of courtroom protocol to the accused. (4) The court may appoint standby counsel in order to overcome routine obstacles that may hinder effective pro se representation.”) (citations omitted).
Of course, “Faretta does not require a trial judge to permit ‘hybrid’ representation” nor is standby counsel constitutionally required. McKaskle, 465 U.S. at 183, 104 S.Ct. 944. However, where the trial court appoints standby counsel, it needs to be mindful of the two objectives and roles of standby counsel as referenced in Faret-ta and McKaskle: one, to aid the accused if and when the accused requests help; two, to be available to represent the accused when the accused withdraws his right to self-representation.
Clearly, standby counsel is envisioned as having a greater role than merely being silent at the back of the courtroom ready to participate, if and only when the defendant acquiesces to waiving his right to self-representation and allowing standby counsel to take over as counsel. Because this is what the trial court here proposed, I find the court was too narrow in its construct of standby counsel. Nevertheless, although implied in the record, there is no evidence that the court actually prevented appellant from speaking with standby counsel. Thus, I concur and write only to highlight that once standby counsel is appointed, a trial court should not prevent a defendant from seeking the aid and assistance of standby counsel to “explain and enforce the basic rules of courtroom protocol” and to overcome “routine proce *644 dural or evidentiary obstacles” that “may hinder effective pro se representation” such as introducing evidence or objecting to testimony. Bertoli, 994 F.2d at 1019; see McKaskle, 465 U.S. at 183, 104 S.Ct. 944; Faretta, 422 U.S. at 834 n. 46, 95 S.Ct. 2525.